# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eddie Moore,   #247087, | ) C/A No. 3:10-3041-RBH-JRM |
| | ) |
|             Plaintiff, | ) |
| | ) |
| vs. | )   Report and Recommendation |
| | ) |
| Jon Ozmint, Director, Jonathan; | ) |
| J. Bryant Diehl, Canteen Manager; Sued in their individual | ) |
| and official capacities et. al. | ) |
| | ) |
|             Defendants. | ) |
| ——————————————————————— | ) |

    This is a civil action filed *pro se* by a state prison inmate.[1]  Plaintiff is incarcerated at the Broad River Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system.  In the Complaint submitted in this case he contends that he is being denied due process and equal protection, *i.e.*, Fourteenth Amendment violations, because Defendants conspired to set the prices  too high in the prison canteen so as to make up for lost revenues from cigarette sales, which are no longer allowed.  He asserts that SCDC's setting such high prices, which he calls "imposing . . . an administrative duty [and sales tax]" and "fraud" under state law (ECF No. 1, Compl. 9), is in violation of a directive from the South Carolina Budget and Control Board that warned SCDC not to raise prices on other canteen items to make up for lost revenue when the sale of cigarettes was stopped.  Although he does not claim that SCDC serves inadequate food to maintain his health, he alleges that he has lost weight and suffered mental distress because he cannot afford food in the canteen to supplement the food that SCDC provides, and he asks this Court to

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) DSC, this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

issue an injunction requiring lower prices and a declaratory judgment. He also asks for an award of multiple millions of dollars in punitive, compensatory, and nominal damages. (ECF No. 1, Compl. 10-12).

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint should be dismissed because he fails to allege a viable cause of action under 42 U.S.C. § 1983.[2] The claims of federal constitutional violations by Defendants are properly considered under federal question jurisdiction pursuant to § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Although Plaintiff does name persons who act under color of state law as Defendants, his allegations fail to show that Defendants deprived him of any federally guaranteed right even though he asserts that his due process and equal protection rights are being violated by the high prices charged at the Broad River Correctional Institution's canteen.

The analysis begins with the well-settled proposition that prisoners have no constitutional right to purchase canteen items. *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002); *Robinson v. Ill. State Corr. Ctr.*, 890 F. Supp. 715, 718 (D. Ill. 1995). Nor is there a constitutional right that such items be priced at any particular price level. *Chapdelaine v. Keller*, No. 95-CV-1126 RSP/GLS, 1998 WL 357350, * 14 (N.D.N.Y. April 16, 1998)("Over-pricing in the prison commissary . . . does not amount to a violation of a constitutional right."); *see also Jones v. Houston*, No. 4:06CV3314, 2007 WL 3275125 (D. Neb. Nov. 2, 2007)(no due process violation in imposition of a canteen service charge to pay for recreation, etc.). Furthermore, an allegation that an SCDC

---

[2] Plaintiff cites no other basis for this Court to exercise its subject matter jurisdiction in this case nor is any such basis evident from the face of the Complaint.

3

defendant did not follow the institution's (or another agency's) policies or procedures, standing alone, does not amount to a constitutional violation. *See United States v. Caceres*, 440 U.S. 741 (1978); *see also Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D. S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

Since there is no constitutional right to purchase items from a prison canteen, Plaintiff's allegations that he cannot buy food there because it is too expensive do not show any kind of due process violation by Defendants. *See Benson v. Workman*, 375 F. App'x 899, 902 (10th Cir. 2010) (no due process violation where plaintiff had no constitutional right to the thing to which he claimed entitlement); *Zabriskie v. Ct. Admin.*, 172 F. App'x 906, 909 (11th Cir. 2006)(same). Also, the fact that the increased prices at the canteen might be in violation of a directive from another state agency (the Budget and Control Board) does not show that Defendants violated Plaintiff's due process rights in setting the canteen prices.

Moreover, Plaintiff fails to allege a viable equal protection claim based on the canteen prices for the same reason: as there is no constitutional right to shop at the canteen, no equal protection violation occurs when a prisoner is unable to buy products there. *See Dunne v. Olson*, 67 F. App'x 939, 945 (7th Cir. 2003)(no constitutional right to the thing to which plaintiff claims entitlement, no equal protection violation if he does not receive it). Nevertheless, even if we were to find a constitutional right or some other right to make canteen purchases, Plaintiff's Complaint would still fail to state a viable equal protection claim since Plaintiff does not allege that he is a member of any

particular group (class) that is being treated differently from any other similarly-situated group and a fundamental right is not involved. The Equal Protection guarantee does *not* deprive the government of all power of classification. *See Personnel Admin. of Mass. v. Feeney*, 442 U.S. 256, 271 (1979). It *does* "'keep[] governmental decisionmakers from treating differently persons who are in all relevant respects alike.'" *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2000)(quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)); *see also Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). According to the Fourth Circuit in *Veney*,

> To succeed on an equal protection claim, [the plaintiff] "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). If he makes this showing, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id.* To state an equal protection claim, [the plaintiff] must plead sufficient facts to satisfy each requirement . . . .

293 F.3d at 731.

In order for Plaintiff to prevail on an equal protection theory, he must show (1) that he is a member of a class that was denied a benefit available to other similarly-situated individuals, *and* (2) that such a denial is not rationally related to legitimate state interests. *Weixel v. Board of Educ. of City of New York.* 287 F.3d 138, 151 (2d Cir. 2002)(dismissal appropriate where complaint fails to allege an intent to disadvantage all members of a class that includes plaintiff)(citing *Crawford-El v. Britton,* 523 U.S. 574, 592 (1998)). As stated previously, Plaintiff does not allege membership in any distinct group or class that is being discriminated against by Defendant's price setting. He is a prisoner, but all prisoners who want to shop in the canteen are subjected to the same prices, thus he cannot rely on his prisoner status for the equal protection clause's first requirement. Further, Plaintiff's allegations do not show that he, alone, is being treated differently from others similarly

situated (such as other prisoners). Thus, he fails to allege that he is a "class of one." *See Willis v. Town of Marshall*, 426 F.3d 251, 263 (4th Cir. 2005). Since he does not allege membership in a distinct class, the fact that he might adequately allege that the canteen prices are so high as to be irrational or illegal does not save his equal protection claim. *See Veney v. Wyche*, 293 F.3d at 731 ("To state an equal protection claim, [the plaintiff] must plead sufficient facts to satisfy *each* requirement . . . .")(emphasis added).

Finally, Plaintiff does not allege that he is being fed an inadequate diet by SCDC; thus no Eighth Amendment claim is stated. *Cf. Wilson v. Johnson*, No. 09-7679, 2010 WL 2639919 (4th Cir. June 25, 2010)(claim of inadequate food provided by prison). Also, the assertion that he suffered "mental distress" from being unable to afford canteen items does not require service in this case. Case law prior to the adoption of the Prison Litigation Reform Act had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish. Hence there is no liability under § 1983 for such claims. *Rodriguez v. Comas*, 888 F.2d 899, 903 (1st Cir. 1989); *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985); *see* 42 U.S.C. § 1997e(e)(physical injuries are a prerequisite for an award of damages for emotional distress § 1983) ; *Zehner v. Trigg*, 133 F.3d 459 (7th Cir. 1997).

In the absence of any viable claim falling within the Court's federal question jurisdiction, there is no supplemental jurisdiction to consider Plaintiff's state-law-based claim of fraud. Under supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch." David D. Siegel, *Commentary on 1990 Revision, appended to 28 U.S.C.A. § 1367* (West 1993). Title 28 U.S.C. § 1367(c)(3) recognizes that, once that crutch is removed, the remaining state claim should not be

adjudicated. *See Lovern v. Edwards*, 190 F.3d 648, 655 (4ᵗʰ Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

## <u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

December 15, 2010
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).