IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| EDDIE MOORE,   #247087, | ) | Civil Action No. 3:10-3041-RBH-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JON OZMINT, DIRECTOR OF SCDC; | ) | |
| J. BRYANT DIEHL, CANTEEN MANAGER; | ) | |
| RUSSELL CAMPBELL, FORMER DIRECTOR | ) | |
| OF HEALTH SERVICES; | ) | **REPORT AND RECOMMENDATION** |
| JOHN SOLOMON, PRESENT DIRECTOR OF | ) | |
| HEALTH SERVICES; | ) | |
| ROBERT M. STEVENSON, WARDEN, SUED IN | ) | |
| THEIR INDIVIDUAL AND OFFICIAL | ) | |
| CAPACITIES; | ) | |
| EVELN BARBER, FOOD SERVICE | ) | |
| MANAGER; AND | ) | |
| ALLEN COLLINS, FORMER SERVICE | ) | |
| MANAGER, SUED IN THEIR INDIVIDUAL | ) | |
| CAPACITIES ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Eddie Moore, filed this action on November 30, 2010.[1] He is an inmate at the Broad River Correctional Institution ("BRCI") of the South Carolina Department of Corrections ("SCDC"). Plaintiff filed an amended complaint on February 10, 2011.  In his amended complaint, Plaintiff alleges numerous claims including what appear to be claims of discrimination pursuant to the Americans with Disabilities Act and the Rehabilitation Act of 1973; Eighth Amendment, due process, and equal protection claims; conspiracy claims; fraud claims; claims under the South Carolina Unfair

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d) DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

Trade Practices Act; and claims under the South Carolina Consumer Protection Act. In particular, Plaintiff alleges that inmates who have tested positively for HIV are discriminated against as to their housing and work assignments; he is served inadequate, non-nutritious, and tainted food which he is given inadequate time to eat; and Defendants have conspired to raise canteen prices, prevent him from working in the cafeteria, and prevent him from receiving adequate food.

Plaintiff filed a motion "for order of restraint against retaliation/or rest[r]aining order" on February 10, 2011. He appears to allege that he filed a lawsuit in this court in 2007 (Civil Action No. 3:07-cv-03209-RBH) and was retaliated against by one of the defendants (Mr. Tillman) for doing so, such that he fears that Defendants will retaliate against him for filing this action. Defendants, in a response filed May 23, 2011, argue that Plaintiff's motion should be denied because Plaintiff fails to demonstrate that he will suffer some irreparable harm in the absence of the injunctive relief he seeks, he has not shown that there is a likelihood of success on the merits of his claims, he fails to show that it would be in the public interest to grant him the requested relief, and he fails to show that the alleged harm against him is actual or imminent.

On May 18, 2011, Plaintiff filed a motion requesting a temporary restraining order and preliminary injunction "to ensure he receive[s] proper food/diet and is not discriminated against in violation of The Rehabilitation Act and the ADA or Americans with Disabilities Act, and to stop the price gouging of a citizen of both the U.S. and South Carolina." Defendants, in a response filed June 1, 2011, argue that Plaintiff's motion should be denied because his motion is duplicative of his amended complaint such that he is seeking an interlocutory ruling on his causes of action. They also argue that Plaintiff failed to properly exhaust his available administrative remedies as to his claims. Additionally, Defendants argue that Plaintiff fails to demonstrate that he will suffer some irreparable

harm in the absence of the injunctive relief he seeks, he has not shown that there is a likelihood of success on the merits of his claims, he fails to show that the public interest will be promoted by granting the requested injunctive relief, and he fails to show that the alleged harm against him is actual and imminent.

Plaintiff's motions appear to be motions for preliminary injunctions.[2] As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, __, 129 S.Ct. 365, 374-376 (2008). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. Id. at 376. Similarly, the plaintiff must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. Id. at 374–76.

Plaintiff fails to show that he is entitled to relief under the factors set out in Winter. He has not clearly demonstrated that it will likely succeed on the merits. As to his claim of retaliation, Plaintiff merely speculates that Defendants in this action will retaliate against him because a defendant in his previous action (who is not a defendant here) allegedly retaliated against him. In his reply, Plaintiff alleges that he has now been retaliated against for filing this action. Most of these

---

[2]To the extent that Plaintiff's February 10, 2011 motion is one pursuant to 65(b) for a temporary restraining order, it is recommended that it be denied because Plaintiff has not shown specific facts which "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party may be heard in opposition." Fed. R. Civ. P. 65(b). In his motion, Plaintiff only speculates that Defendants in this action will retaliate against him because a defendant (Mr. Tillman) in the prior action allegedly retaliated against him. Tillman is not a party to the present action.

allegations, however, do not name the person who allegedly retaliated against him. Other allegations name persons who are not defendants to this action. Plaintiff appears to allege that Defendant Stevenson retaliated against him by writing certain retaliatory or threatening things in a response to Plaintiff's grievance. The cited grievance (Ex. BB to Plaintiff's Reply), however, was from 2007 (well before this action was filed). As to the claims contained in his amended complaint, Plaintiff has also not clearly demonstrated that he will likely succeed on the merits of the claims contained in his amended complaint. He has only presented his own assertions in support of his claims.

Plaintiff also fails to show that he will suffer irreparable injury if he is not granted a preliminary injunction. Plaintiff appears to allege that he has suffered physically (loss of weight, headaches, and nausea) from a lack of adequate food. Defendants submitted an affidavit from Evelyn Barber, the Food Service Manager at BRCI. Barber states that SCDC has a nutritionist on staff who approves the meals that are served to all inmates (including the HIV/AIDS inmates) at BRCI and ensures that the food served meets the inmates' nutritional needs. She further states that the food served is not spoiled, the cafeteria is clean and maintained in a sanitary manner, and the cafeteria has never failed any inspections by the South Carolina Department of Health and Environmental Control while she has been in charge. Barber Aff. Plaintiff has presented nothing other than his own allegations to support his claim of irreparable harm. He has submitted no proof of irreparable harm in the form of medical records, medical opinion, evidence of medical history, or anything else to corroborate his claims of medical exigency. Without such proof, the undersigned cannot conclude Plaintiff will be irreparably harmed.

Additionally, Plaintiff has not shown that the balance of equities tips in his favor or that an injunction is in the public interest. Plaintiff has merely argued that it is in the public interest for

prison officials to obey the law. He, however, has not presented anything other than his own opinion that Defendants have failed to do so. Thus, it is recommended that Plaintiff's motion for a preliminary injunction be denied.

## CONCLUSION

Based on review of the record, it is recommended that Plaintiff's motions for preliminary injunctions and/or temporary restraining orders (Docs. 17 and 37) be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

July 19, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).