IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Eddie Moore,   #247087, ) | Civil Action No.: 3:10-3041-RBH-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Jon Ozmint, *Director*; J. Bryant Diehl, ) | |
| *Canteen Manager*; Russell Campbell, ) | |
| *Former Director of Health Services*; ) | |
| John Solomon, *Present Director of Health* ) | |
| *Services*; Robert M. Stevenson, *Warden*; ) | |
| *sued in their individual and official* ) | |
| *capacities*; Eveln Barber, *Food Service* ) | |
| *Manager*; Allen Collins, *Former Service* ) | |
| *Manager*; *sued in their individual capacities* ) | |
| *et al.*; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, a state prisoner proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Broad River Correctional Institution in Columbia, South Carolina.

On February 10, 2011, the court received Plaintiff's [Docket Entry 17] Motion for Temporary Restraining Order ("First Motion for TRO"), in which Plaintiff asks the court for an "order of restraint against retaliation." *Id.* On May 16, 2011,[1] Plaintiff filed another [Docket Entry 37] Motion for Temporary Restraining Order ("Second Motion for TRO"), in which Plaintiff complained that he had been discriminated against based on his "HIV" and sought a restraining order to ensure, among other things, that he received "proper food/diet." *Id.* at 1. Defendants filed oppositions to

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

both TRO motions, *see* [Docket Entries 39 & 44], to which Plaintiff timely replied, *see* Reply [Docket Entry 56].

On July 19, 2011, United States Magistrate Judge Joseph R. McCrorey[2] issued his [Docket Entry 63] Report and Recommendation ("R & R") on the TRO motions. In his R & R, the Magistrate Judge recommended denying both of Plaintiff's TRO motions. *See* R & R at 5. After the court granted an extension of time, Plaintiff's objections to the R & R were due by August 23, 2011. *See* Text Order [Docket Entry 76].

Also on July 19, 2011, the court received Plaintiff's first [Docket Entry 67] Motion to Amend the TRO motions. Thereafter, on August 19, 2011, Plaintiff filed his second [Docket Entry 79] Motion to Amend the TRO motions.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to

---

[2] This matter was referred to Magistrate Judge McCrorey pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule 73.02(B)(2)(d), D.S.C.

a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### **Discussion**

In the R & R, the Magistrate Judge recommended that the court should deny both of Plaintiff's Motions for TRO. *See* R & R at 5. While Plaintiff did not file objections to the R & R, the court notes that he did file two motions to amend the TRO motions.[3] Upon review, however, both motions to amend appear to relate to Plaintiff's [Docket Entry 37] Second Motion for TRO only, which dealt with his claims of HIV based discrimination. Neither motion to amend relates to the subject of Plaintiff's [Docket Entry 17] First Motion for TRO–i.e., the possibility of retaliation by Defendants. Thus, the court shall adopt the Magistrate Judge's R & R in part.

As to Plaintiff's [Docket Entry 17] First Motion for TRO, the court has reviewed the Magistrate Judge's R & R for clear error in light of Plaintiff's failure to object, and finds none. *See Diamond*, 416 F.3d at 315. Therefore, the court adopts the Magistrate Judge's recommendation to deny Plaintiff's [Docket Entry 17] First Motion for TRO.

However, in light of the fact that Plaintiff filed two motions to amend that relate to the HIV discrimination claims at issue in his [Docket Entry 37] Second Motion for TRO, the court respectfully declines to adopt the Magistrate Judge's recommendation as to that Second Motion for TRO. Instead, the matter should be recommitted to the Magistrate Judge for further consideration of the [Docket Entry 37] Second Motion for TRO in light of the motions to amend.

---

[3] Both motions to amend [Docket Entries 67 & 79] are currently referred to the Magistrate Judge.

**Conclusion**

For the reasons stated above, the Magistrate Judge's R & R is adopted in part insofar as it pertains to Plaintiff's [Docket Entry 17] First Motion for TRO. Accordingly, Plaintiff's [Docket Entry 17] First Motion for TRO is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the matter is **RECOMMITTED** to the Magistrate Judge for further consideration of Plaintiff's [Docket Entry 37] Second Motion for TRO in light of Plaintiff's pending Motions to Amend [Docket Entries 67 & 79].

**IT IS SO ORDERED.**

                                              s/R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
September 1, 2011